ESTATE OF EDWARD R. KREGAR, DECEASED, WILLIAM J. KREGAR AND EDWARD R. KREGAR, JR., EXECUTORS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9328. Promulgated June 19, 1947.

*Lee W. Eckels, Esq.*, for the petitioners.
*Brooks Fullerton, Esq.*, for the respondent.

OPINION.

HARRON, *Judge*: We first dispose of a minor question which arose at the trial. Upon his examination of the gift tax return which is involved in this proceeding, the respondent valued the Kregar Building and lot, the subject of the gift, at $55,000. Petitioners did not contest this determination in the petition. However, at the trial the respondent raised the question by filing an amended answer in which he alleged that the value of the building on the date of the gift should be increased from $55,000 to $78,000. Respondent had the burden of proving this increased value under the affirmative allegation which he made in his amended answer. He did not introduce any evidence. Petitioners introduced evidence relating to the fair market value of the building. On brief respondent has not pressed his claim for an increase in value, but petitioners have made claim for a value lower than $55,000. Upon consideration of all the evidence it has been found that the fair market value on the date of the gift of the Kregar Building and lot was $55,000.

There remain two questions to be decided. The first question is

whether the donor was entitled to any exclusions on the gifts in trust to the six children under section 1003 (b) (3) of the Internal Revenue Code. Respondent has allowed only one exclusion in the full amount of $3,000 with respect to the gift of the life interest in income to the wife of the donor. He has disallowed the claim of the petitioners that the donor was entitled to receive additional exclusions for the gifts to the children.

The second question relates to the determination of the present value, if any, of the gifts of income to the six children who, together with the donor's wife, were the beneficiaries of the trust.

Upon the first question the respondent contends that the gifts of trust income to the donor's children were gifts of future interests in property. The corpus of the trust consisted of the Kregar Building, a commercial building which yielded monthly rents. The trust agreement provided that the first $200 per month of the net income was to be paid to the donor's wife for life and the balance in equal shares to his children for life. Respondent concedes that the gift to the wife is a gift of a present interest in income payable to the wife throughout her life, *Sensenbrenner* v. *Commissioner*, 134 Fed. (2d) 883, and that the yield of the corpus will assure to the wife for life income having a present value on the date of the gift in an amount of at least $3,000. Respondent therefore has allowed the donor an exclusion of $3,000 on the gift to the wife in computing the total amount of net gifts made during 1944.

However, respondent contends that the gifts of the balance of the income to the children for their lives were gifts of future interests in property, for the reason that after-born children might divert some of the income away from the six children living at the time of the creation of the trust. Respondent claims that after the trust was set up there was the possibility that additional children might be born to the donor who would qualify under the terms of the trust agreement to share in the income. Accordingly, he claims that on the date of the gift there was no assurance that the six adult children then in being would be the only children entitled to take the income of the trust. Respondent relies on *Helvering* v. *Blair*, 121 Fed. (2d) 945, and *Commissioner* v. *Brandegee*, 123 Fed. (2d) 58.

Accepting, *arguendo*, respondent's legal argument that the gifts were of future interests in property if after-born children were entitled to share in the trust income, the question is still presented whether under the trust agreement of November 7, 1944, the gifts to the children of the donor were gifts to the six children then in being or to a class of children which could open up to let in other children who might thereafter be born to the donor. Respondent contends for the latter interpretation. However, such an interpretation does violence to any reasonable construction of the circumstances under which the trust agree-

ment was made and the evidence of the donor's intention. At the time of the gift in November 1944, the donor was a man of advanced age. He died one year later. The children at the time of the gift were all adults, ranging in age from thirty-three to fourty-four years old. The donor executed his will on the same day he executed the trust agreement. Although in one portion of his will he referred to his children by name, in another portion he referred to them only as "my children." It is evident that in the trust agreement also the donor's reference to his children was to his six adult children then in being, and that he had no intention of providing for after-born children. Respondent's contention that after-born children as well as the six children living on the date of the gift were entitled under the terms of the trust agreement to share in the income must therefore be rejected.

So much of the income of the trust as exceeded the $200 payable monthly to the donor's wife was to be distributed periodically to the six children. Putting aside for the moment the amount of the income which could reasonably be expected from the trust corpus, the gifts to the wife and to the children are exactly the same. If the gift to the wife is a gift of a present interest in income, as the respondent concedes, so are the gifts to the children. *Commissioner* v. *Lowden*, 131 Fed. (2d) 127.

It is held, therefore, that the gifts in trust to the children were gifts of present interests in income to the six adult children living at the time of the gifts and that after-born children would not qualify as beneficiaries of the trust.

The second question is purely a fact question. Having rejected respondent's contention under the first question, it is necessary only to determine from the evidence what the net income of the trust will be during the term of the trust. Respondent agrees that the trust income will be at least $2,400 per year during the term of the trust, which is the total, annual amount to be paid to the wife of the donor. But respondent contends that the evidence does not show that the trust will yield any income for the six children. With that contention, we do not agree. Upon a most conservative treatment of the evidence, part of which consists of expert testimony and records of earnings of the property involved, it has been found as a fact that the trust income available for distribution to the beneficiaries, the wife and six children, will be $3,000 per annum during the term of the trust. That means that after paying $200 per month ($2,400 per year), to the donor's wife, the trustees will be able to pay $100 per year to each of the six children ($600 per annum to all children).

The conclusion under the entire issue is that the deceased donor made gifts of present interests in the trust income to the six children represented by $100 for life to each one.

The above holding will be given effect under the Rule 50 recompu-

tation of the gift tax. The parties are agreed as to the method of computing the value of a present interest in the trust income represented by $100 for life to each child. If the gift of the present interest of any of the children-donees has a value of less than $3,000, it will follow, of course, that the amount of such gift will be absorbed by the statutory exclusion allowed to each gift of a present interest. See section 1003 (b) (3) of the Internal Revenue Code, which provides that the first $3,000 of gifts of present interests to any person shall not be included in the total amount of the gifts made in a year.

*Decision will be entered under Rule 50.*